[Civ. No. 21571.  First Dist., Div. Two.  July 30, 1964.]

LOUISE PALMQUIST, Plaintiff and Respondent, v. J. ADRIAN PALMQUIST, Defendant; J. ADRIAN PALMQUIST, JR., et al., Minors, etc., Third Party Claimants and Appellants.

Francis T. Cornish for Third Party Claimants and Appellants.

No appearance for Defendant.

Stark & Champlin and John F. Banker for Plaintiff and Respondent.

AGEE, J.—On July 25, 1961, in this Alameda County separate maintenance action, plaintiff recovered a money judgment against defendant. In order to stay execution of the judgment pending defendant's appeal, the parties agreed that Bank of America would hold certain funds of the defendant as security for the payment of the judgment when and if affirmed on appeal. Defendant thereby lost control over said funds or the right to the possession thereof to the extent that said funds might become necessary to satisfy the judgment. The only interest which defendant retained there-

in was contingent upon his obtaining a reversal of the judgment. In any event, the judgment was affirmed by this court on January 25, 1963 (212 Cal.App.2d 322 [27 Cal.Rptr. 744]) and the Supreme Court unanimously denied a hearing on March 20, 1963. The remittitur was issued on March 27, 1963.

On March 29, 1963, at 10:40 a.m., the Sheriff of Alameda County levied a writ for the execution of the judgment upon the bank. Later on the same day defendant filed a motion to recall the execution. On April 9, 1963, the lower court denied the motion. The bank then delivered to the sheriff the amount necessary to satisfy the judgment plus the sheriff's fees. The regularity of this payment by the bank to the sheriff is no longer in dispute and is not an issue on this appeal.

On March 26, 1963, defendant, as guardian *ad litem* of his four minor children (by prior marriages), caused them to file an action in Santa Barbara County against plaintiff and her attorneys. The complaint therein alleges that plaintiff had breached an oral agreement with defendant that she would cooperate with him in preserving his assets for the use and benefit of these children and that her attorneys had assisted her in breaching such agreement, all to the damage of the children, as third party beneficiaries, in the total sum of $124,000.

On the ground that plaintiff had become a nonresident of California, defendant, as said guardian *ad litem*, caused a writ of attachment to be issued in the Santa Barbara County action as allowed by section 537, subdivisions 2 and 3, of the Code of Civil Procedure. He then caused this writ of attachment to be served upon himself on March 29, 1963, at 10:20 a.m., 20 minutes before the Alameda County writ of execution was served upon Bank of America. The writ of attachment was never served upon either the bank or the sheriff.

On April 12, 1963, before the sheriff could turn over the money to plaintiff, an agent acting for the children executed a third party claim to the funds and delivered such claim to the sheriff. (Code Civ. Proc., § 689.)

Plaintiff thereupon moved to strike the claim on the ground, *inter alia*, that "said claim shows on its face that the third party claimants have no title in or right to possession of the subject property." The lower court made its order granting the motion and directing the sheriff to deliver the

money to plaintiff, less his fees and costs. The claimants (children) have appealed from the order.

We deem it unnecessary to discuss plaintiff's other ground stated in her motion, "that said third party claim is sham and collusive," in view of our determination that the claim is fatally defective on its face.

Section 689 of the Code of Civil Procedure requires that, if personal property levied on "is claimed by a third person *as his property*," he must deliver "to the officer making the levy . . . a written claim verified by his oath or that of his agent, setting out the reasonable value thereof, *his title and right to the possession thereof.* . . . " (Italics added.)

The third party claim executed herein by the children's agent does not set out any claim of title to the money held by the sheriff nor does it show any right in the children to possession thereof. As a matter of fact, appellants acknowledge in their brief on appeal that "the money in the hands of the Sheriff belonged to respondent, . . . "

The claim alleges as follows: "[The claimants] hereby claim all property upon which you have levied pursuant to the Writ of Execution issued in this action on March 28, 1963. They claim that you are obligated to hold this property for their benefit pursuant to your earlier levy upon the defendant, J. Adrian Palmquist, of a Writ of Attachment issued in Action No. 68473 pending in the Superior Court of the State of California, in and for the County of Santa Barbara."

In *Arena* v. *Bank of Italy,* 194 Cal. 195 [228 P. 441], certain merchandise of one Dellaira was held by the sheriff under a writ of attachment issued in an action brought by Arena against Dellaira. Bank of Italy served a third party claim on the sheriff. The bank alleged therein that it had become the owner of the property through an assignment from Dellaira given as security for the payment of his note to the bank.

The Supreme Court, after calling attention to the provisions of section 689 of the Code of Civil Procedure, held that the claim was "fatally defective in so far as it attempted to assert any right of property in the said bank which would give it a superior right thereto as against the right of the attaching creditor [Arena]." "[T]he utmost right of property which the Bank of Italy could have had or asserted with respect to the merchandise in question by virtue of the

alleged assignment thereof from Dellaira to it would have been a *lien* of some sort upon said property." (Pp. 204, 205.) (Italics added.)

The court further held: "But it [the claim] was fatally defective for still another reason. Section 689 of the Code of Civil Procedure provides that the third-party claim required by that section to be served upon the officer must also set out the claimant's 'right of possession thereof.' The claim of the Bank of Italy as originally set forth and served upon the sheriff in this case entirely omits to expressly assert any right of possession in it or to set out anything from the statement of which any implication or reference of a right of possession in the Bank of Italy could arise." (P. 205.)

Thus *Arena* holds that a third party claimant must present a claim which *on its face* must show the subject property to be his property and must set forth his right to possession thereof. Here the claimants have shown neither title nor right to possession.

The opening clause of section 689 at the time *Arena* was decided (1924) read as follows: "If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, . . . "

This clause now, and since being amended in 1957, reads as follows: "If tangible or intangible personal property levied on, whether or not it be in the actual possession of the levying officer, is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out the reasonable value thereof, his title and right to the possession thereof. . . . "

We have underlined the portions added since 1924 in order to demonstrate that such additions do not in any way affect or impair the weight or relevancy to be given to the. *Arena* decision in the instant situation.

The purpose of the first addition underlined above was to make clear that third party claims included intangible as well as tangible personal property. (See Senate Judiciary Committee Report, vol. 1, Appendix to Journal of the Senate, California, pp. 120-122, Reg. Sess. 1957.) The second addition does not have any significance herein because the money was in the actual possession of the sheriff at the time of the presentation of the third party claim. The addition of the word "title" is in accord with the existing case law interpreting the phrase, "as his property."

None of the amendments to section 689 since the decision in *Arena* have changed the requirement that a third party claim, in order to be effective, must set forth the claimant's title to the subject property and his right to the possession thereof.

Appellants attempt to avoid this rule, stating that an attaching creditor has "an interest sufficient to support a third party claim." This contention, as we have shown, flies directly in the face of the requirements of section 689 and is without merit.

For the purposes of the statute, "The third party claim . . . shall constitute the pleading of such third party claimant . . . " (§ 689). For the reasons stated above, the claim herein fails to state a cause of action on behalf of appellants.

Order affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 24, 1964.